UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Margaret J. Nelson,

    Plaintiff,

v.                                                                          Case No. 2:16-cv-1123

Commissioner of Social Security,                   Judge Michael H. Watson

    Defendant.                                                      Magistrate Judge Jolson

## OPINION AND ORDER

On October 26, 2017, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending the Court overrule Margaret J. Nelson's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner's decision in this social security case. R&R, ECF No. 14. Plaintiff objects to the R&R. Obj., ECF No. 15. For the following reasons, Plaintiff's objections are **OVERRULED**.

### I.    PROCEDURAL HISTORY

Plaintiff filed her application for Period of Disability and Disability Insurance Benefits on March 4, 2013. Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), who, after a hearing, denied Period of Disability and Disability Insurance Benefits to Plaintiff. The Appeals Council denied Plaintiff's request to review the ALJ decision, and Plaintiff thereafter filed suit in this Court.

## II. STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Furthermore, in Social Security cases, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to the proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). In this context,

"[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance . . . .'" *Rogers*, 486 F.3d at 421 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put another way, "[s]ubstantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1997)).

### III.   ANALYSIS

#### A. Objection Regarding the ALJ's Treatment of Dr. Balogh's Opinion

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly evaluated the treating source opinion of Dr. Balogh. Plaintiff contends that the ALJ failed to reasonably account for Dr. Balogh's finding that Plaintiff suffered from impaired attention span and concentration and that she was easily distracted. Plaintiff contends that, in discounting Dr. Balogh's opinion, the ALJ relied heavily on certain portions of Dr. Balogh's treatment notes but gave short shrift to those portions of his treatment notes that supported his opinion. Plaintiff argues, ultimately, that this cursory treatment of portions of Dr. Balogh's notes and his treating source opinion amounted to a failure to weigh the record as a whole.

The Court declines to consider this objection as it is so vague and cursory that it does not amount to a "specific written objection to the proposed findings and recommendations" as required under Federal Rule of Civil Procedure

72(b)(2). For example, the objection states the ALJ "leaned heavily upon certain items in Dr. Balogh's treatment notes" but does not cite to the ALJ decision or Dr. Balogh's treatment notes to identify what those portions were. It then contends conclusorily that the ALJ gave "short shrift" to "the findings most salient to her ability to sustain even simple, routine work activities" but again does not point the Court to any specific portions of Dr. Balogh's treatment notes pertinent to Plaintiff's ability to sustain simple, routine work activities. Without even a single citation to the medical evidence (Dr. Balogh's notes), the ALJ's decision, or the R&R, the Court is unable to thoughtfully consider such an objection.

Moreover, although the legal basis of the objection itself is vague and difficult to decipher, it appears in any event to be waived. Plaintiff presented three specific arguments regarding the ALJ's treatment of Dr. Balogh's opinion in her Statement of Specific Errors. First, Plaintiff argued that the ALJ's failure to give controlling weight to Dr. Balough's opinion was erroneous because Dr. Balogh's opinion was supported by the evidence in the record and the opinions of the non-examining State agency medical consultants and consultative examiners. Second, Plaintiff argued the ALJ failed to discuss certain required factors when determining what weight to give Dr. Balogh's opinion. Third, Plaintiff argued the ALJ failed to give accurate and specific reasons for discounting Dr. Balogh's opinion.

The R&R concluded that substantial evidence supported the ALJ's determination that Dr. Balogh's opinion was not supported by the record and

therefore not entitled to controlling weight, R&R 15, ECF No. 14; that the ALJ was required to *consider* certain factors in determining what weight to give Dr. Balogh's opinion but was not required to provide a factor-by-factor analysis, *id.* at 16; and that, instead, the ALJ was only required to provide "good reasons" for the weight assigned to Dr. Balogh's opinion, which he did. *id.*

Plaintiff's objection that the ALJ failed to address the impaired attention span/concentration/distractability portion of Dr. Baglogh's opinion and prioritized certain portions of Dr. Balogh's treatment notes over others was not included in Plaintiff's statement of specific errors nor addressed in the R&R. The Court will not consider a new argument that has not been specifically presented to the Magistrate Judge. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, (6th Cir. 2010) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived.") (internal quotation marks and citation omitted).

In the alternative, the Court finds the objection—as best it can be construed—has no merit. The ALJ acknowledged Dr. Balogh's opinion that Plaintiff would be unable to meet competitive standards in maintaining a two-hour attention span and working with others without being unduly distracted. ALJ Dec. 12, ECF No. 10-2, PAGEID # 153. The ALJ reasonably accounted for, and discounted, this opinion by then stating that while Dr. Balogh's treatment notes do indicate an impaired attention span, they do not indicate the extent of the impairment. *Id.* This was a correct recitation of the medical records. Balogh Trtmt. Records, ECF No. 10-8, PAGEID ## 688, 696, 704, 712, 720, 728; *see*

*also id.* at PAGEID # 735 (noting attention span within normal limits). Accordingly, the ALJ reasonably concluded that Dr. Balogh's opined limitation was not supported by his own treatment notes. Further, the ALJ stated that Plaintiff reported a difficulty with her attention span at two psychological consultative examinations but that it was not evident to a severe degree during those examinations. *Id.* This statement is also an accurate recitation of the medical evidence. Dubey Rpt., ECF No. 10-7, at PAGEID ## 581 (noting that "[t]rouble concentrating was not observed" but was reported by Plaintiff), 584 (concluding Plaintiff could maintain persistence and pace to remember and carry out simple instructions independently and multi-step instructions with supervision); Meyer Rpt., ECF No. 10-7, at PAGEID ## 594 (noting no apparent flight of ideas), 595–97 (noting her concentration and persistence on tasks was good). The ALJ thus correctly concluded that Dr. Balogh's opinion was inconsistent with the other evidence of record. In sum, the ALJ did reasonably account for this portion of Dr. Balogh's opinion.

**B. Objection Regarding ALJ's Treatment of Ms. Mohan's Assessment**

Second, Plaintiff contends that the ALJ improperly minimized a physician's assistant's assessment of Plaintiff's physical capacities and limitations by incorrectly concluding that the assessment was based on Plaintiff's subjective complaints of pain. Plaintiff argues that the R&R incorrectly endorsed the ALJ's minimization of the assessment as based on subjective complaints and further incorrectly found that the assessment lacked any additional insight as to the

bases for its conclusions. Plaintiff argues that the entire medical record, including the treatment notes of Dr. Kocoloski, supported the assessment. Plaintiff also contends that the physician's assistant should not be expected to attach to the assessment those extraneous medical records that support the conclusions reached in the assessment.

The Court is not persuaded. The ALJ did not "dismiss" the assessment merely because it was the product of Plaintiff's subjective complaints or because the assessment itself did not address any bases other than Plaintiff's subjective complaints for the conclusions reached therein. Rather, the ALJ declined to give the assessment controlling weight and instead gave the assessment little weight for three reasons: (1) it was inconsistent with other evidence in the record such as Plaintiff's x-rays; (2) it was at least partially based on Plaintiff's subjective complaints, which the ALJ determined were not credible; and (3) neither the physical therapist nor the physician's assistant are medical sources whose opinions may be entitled to controlling weight. As Plaintiff's objection is a mischaracterization of both the ALJ decision and the R&R, and it is **OVERRULED**.

Moreover, to the extent Plaintiff attempts to object to the R&R's finding that the ALJ properly concluded that the physician assistant's assessment was inconsistent with the other record evidence, that objection is also **OVERRULED**. Again, as above, Plaintiff utterly fails to cite to any pertinent portions of the record to argue that the ALJ's conclusion—that the assessment was unsupported by the

medical evidence—was not itself supported by substantial evidence. Plaintiff simply boldly argues that there was no shortage of "insight" in the record, including, apparently, somewhere in Dr. Kocoloski's notes. Obj. 4, ECF No. 15. Nonetheless, the Court has reviewed pertinent portions of the medical evidence and concludes that the R&R correctly determined that the ALJ's finding is based on substantial evidence in the record, including x-rays of Plaintiff's spine and joints, ECF No. 10-2 PAGEID # 559, ECF No. 10-8, PAGEID ## 740–41, 749, 855, a recent MRI of her lumbar spine, ECF No. 10-8, PAGEID # 764, and other clinical examinations, ECF No. 10-7, PAGEID ## 570, 589, 622, 628, 631; ECF No. 10-8, PAGEID # 825, not to mention Plaintiff's activities of daily living. ECF No. 10-6, PAGEID ## 285–301; ECF No. 10-7, PAGEID ## 577, 581. That the record may have also contained evidence to support the assessment does not change the fact that substantial evidence supports the ALJ's determination. See *Ealy*, 594 F.3d at 512.

## C. CONCLUSION

For the reasons addressed above, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R. The Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment in favor of Defendant and terminate the case.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT